# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3594

———————

United States of America,

        Plaintiff - Appellee,

    v.

Chitprasong Amphavannasouk,

        Defendant - Appellant.

\* \
\* \
\* \
\* \
\* Appeal from the United States \
\* District Court for the \
\* District of South Dakota. \
\* \
\* [UNPUBLISHED] \
\*

———————

Submitted: March 15, 2005 \
Filed: March 24, 2005

———————

Before MURPHY, BYE, and SMITH, Circuit Judges.

———————

PER CURIAM.

Chitprasong Amphavannasouk and three others were charged with conspiring to possess with the intent to distribute and to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He and Sitha Savatdy and Det Khaoone went to trial before a jury. After the government presented its case, Amphavannasouk moved for a judgment of acquittal. The district court[1] denied the motion, and Amphavannasouk was found

---

[1]The Honorable Lawrence J. Piersol, Chief Judge, United States District Court for the District of South Dakota.

guilty and sentenced to 240 months. Amphavannasouk appeals from the judgment, arguing that his motion for acquittal should have been granted.

Amphavannasouk argues that the government did not present sufficient evidence for a reasonable jury to convict him of conspiracy. In particular, he contends that the government produced no evidence that he intentionally joined an agreement to distribute methamphetamine. He argues that the evidence shows only that he purchased methamphetamine from Sirich Hochingnavong and sold small amounts of methamphetamine in January and early February 2003. He contends that Hochingnavong's testimony connecting him to other codefendants was incredible because Hochingnavong admitted at trial that he had lied to law enforcement during the investigation and he also lied at trial. Amphavannasouk points out that the indictment charged a conspiracy from February to July 8, 2003, but he was in federal custody beginning February 20, 2003. He also urges that there were no pictures or phone records linking him to the other defendants and that there were no controlled buys or personal searches involving him.

The government argues that the trial evidence is sufficient to support Amphavannasouk's conviction and that he is actually contesting witness credibility. It points to evidence that Hochingnavong obtained methamphetamine from Juan Valadez and distributed it to Amphavannasouk and others and that Hochingnavong rented a house in Sioux Falls where he stored methamphetamine. Amphavannasouk lived in the house, as did Melissa Monahan. Monahan testified that she saw Hochingnavong give Amphavannasouk 4 or 5 ounces of methamphetamine the day she moved into the house, and on another occasion Hochingnavong brought two football sized bags of methamphetamine there and he and Amphavannasouk separated it into smaller baggies for distribution. Monahan also told the jury that Hochingnavong provided methamphetamine to Amphavannasouk on credit and that they kept a tally of the drug debt and discussed it a couple of times a week.

Three of Amphavannasouk's customers testified at trial that he sold methamphetamine from the house. One testified that he sold her methamphetamine throughout January and February until he was taken into custody on February 20, 2003 and that she saw him give money to Hochingnavong. There was evidence that Amphavannasouk himself sold more than 500 grams of methamphetamine to Dawn Steele and that Khaoone obtained methamphetamine from him until his arrest, after which Khaoone purchased from Hochingnavong.

In reviewing a motion for a judgment of acquittal, we examine the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences to be drawn from the evidence. United States v. French, 88 F.3d 686, 687-88 (8th Cir. 1996). To uphold the conviction, the government must have produced sufficient evidence to allow the jury to find the elements of the offense beyond a reasonable doubt, id., and we leave credibility questions for the jury. See e.g., United States v. Dabney, 367 F.3d 1040, 1043 (8th Cir. 2004); United States v. Baker, 367 F.3d 790, 798 (reversing district court decision on which appellant relies). Direct evidence is not required to prove that an individual joined a conspiracy because an agreement may be inferred from circumstantial evidence. Baker, 367 F.3d at 797 (essential elements of the crime may be proved by circumstantial evidence). In light of these principles and the testimony given at trial, we agree with the government that there was sufficient evidence for a reasonable jury to find Amphavannasouk guilty of conspiracy.

Accordingly, we affirm the judgment of the district court.

_____